Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| AMEY L. GAGE, individually, KATHERINE HARRISON, individually, SANDY F. ASH, individually and SHERYL A. BAIRD, individually,<br><br>Plaintiffs,<br><br>      v.<br><br>HARRY AND DAVID, LLC, an Oregon limited liability company,<br><br>Defendant. | CASE NO.:  1:15-cv-373<br><br>FLSA OVERTIME COMPLAINT<br>Fair Labor Standards Act 29 USC § 201 et. seq.<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Amey Gage ("Gage"), Katherine Harrison ("Harrison"), Sandy Ash ("Ash"), and Sheryl Baird ("Baird"), collectively "Plaintiffs", bring this Fair Labor Standards Act ("FLSA") Complaint against Defendant, Harry & David, LLC, an Oregon limited liability company (hereinafter, "Defendant"). Plaintiffs make their allegations based upon personal knowledge, information, and belief.

//

//

## INTRODUCTION

1.    Defendant is an Oregon Limited Liability company with its principal place of business in Medford, Jackson County, Oregon.

2.    Defendant is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

3.    Defendant is subject to Oregon Wage and Hour Law, ORS Chapters 652, 653.

4.    At all times material, and as more fully alleged herein, Defendant employed Plaintiffs to work at Defendant's corporate office located in Medford, Jackson County, Oregon.

5.    Plaintiffs' primary duties were related to selling Defendant's products to small to mid-sized businesses over the telephone from Defendant's offices.

6.    Defendant knowingly misclassified Plaintiffs as "exempt" from the provisions of the FLSA relating to the payment of overtime.

7.    At all times material, the duties performed by Plaintiffs did not qualify for any of the exemptions for overtime pay as set forth in the FLSA and in 29 C.F.R. Part 541.

8.    Defendant knew or had reason to know the scope and extent of the hours worked by Plaintiffs when Defendant collected weekly work summaries and reports from Plaintiffs, reviewed weekly performance records, and produced other productivity reports.

9.    Plaintiffs all worked more than 40 hours in a workweek in multiple workweeks within the three years immediately preceding the filing of this complaint.

10.    Defendant knew Plaintiffs were not being paid for all hours worked.

11.    Defendant failed to pay Plaintiffs time and one-half their regular rate of pay for all hours worked over 40 in a workweek.

12.    Defendant paid Plaintiffs their regular rate of pay for a 40-hour workweek, and did not pay any additional weekly compensation for hours worked over 40 in a workweek.

13.   Plaintiffs bring this action seeking unpaid overtime compensation, liquidated damages, pre-judgment interest, costs, and attorney fees arising from the law violations set forth herein.

## PARTIES

14.   Plaintiff Gage is a resident of White City, Oregon and was employed by Defendant at Defendant's Medford, Oregon location from approximately June 17, 2013 to December 6, 2014.

15.   Plaintiff Harrison is a resident of Central Point, Oregon and was employed by Defendant at Defendant's Medford, Oregon location from approximately December 6, 2010 to September 15, 2014.

16.   Plaintiff Ash is a resident of White City, Oregon and was employed by Defendant at Defendant's Medford, Oregon location from approximately October 2000 to October 24, 2014.

17.   Plaintiff Baird is a resident of Medford, Oregon and was employed by Defendant at Defendant's Medford, Oregon location from approximately October 17, 2007 to July 10, 2014.

18.   Defendant is an Oregon limited liability company with its principal place of business in Medford, Jackson County, Oregon. Defendant sells premium food and gifts.

## JURISDICTION

19.   Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

20.   The United States District Court for the District of Oregon has personal jurisdiction because the Defendant is an Oregon limited liability company headquartered in Jackson County, Oregon.

21.   At all times material to this Complaint, Defendant owned an operation that was an enterprise in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and § 203(s). Based upon information and belief, the annual gross sales volume of the Defendant's business was in excess of $500,000.00 per annum at all times material hereto. Alternatively, Plaintiffs worked in interstate commerce so as to fall within the protections of the FLSA.

22.   At all times material hereto, Defendant managed, owned and/or operated a business that delivered to its customers premium food and gifts. Defendant regularly exercised exclusive authority to hire and fire employees, and control the finances and operations of Defendant's business. By virtue of such control and authority, Defendant was an employer of Plaintiffs, as such term is defined by the Act. 29 U.S.C. § 201 et seq.

23.   Defendant directly or indirectly acted in the interest of an employer towards Plaintiffs at all material times, including without limitation, directly or indirectly controlling all employment terms and conditions of the Plaintiff. At all material times, hereto, Plaintiffs performed duties for the benefit of and on behalf of Defendant.

24.   At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiffs performed services and labor for Defendant for which Defendant failed to pay the correct amount of overtime when due. Plaintiffs are entitled to liquidated damages for Defendant's willful failure to pay overtime when due.

25.   Plaintiffs have retained the law firm of Leiman & Johnson, LLC to represent them and have incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b) Plaintiffs are entitled to recovery of reasonable attorney fees and costs.

**FIRST CLAIM FOR RELIEF**
**PLAINTIFF AMEY L. GAGE**
**(FLSA Overtime Violation – 29 U.S.C. § 207)**

26.   Plaintiff Gage re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 25 above.

27.   At all times material Defendant was required to pay Plaintiff Gage in accordance with the overtime provisions of the FLSA.

28.   Plaintiff Gage was misclassified as an "exempt" salaried employee when she should have been classified as "non-exempt" from the provision of the FLSA relating to the payment of overtime.

29.   Plaintiff Gage's primary duties were related to selling Defendant's products to small to mid-sized businesses over the telephone from Defendant's offices.

30.   At all times material, the duties performed by Plaintiff Gage did not qualify for any of the exemptions for overtime pay as set forth in the FLSA and in 29 C.F.R. Part 541.

31.   Plaintiff Gage brings this action under § 216(b) of the FLSA against Defendant for unpaid overtime compensation, liquidated damages, and any other available remedy.

32.   Plaintiff Gage worked over 40 hours in one or more one pay periods during the three-year period immediately preceding the filing of this action.

33.   Defendant willfully failed to pay Plaintiff Gage at time and one-half her regular rate of pay for all hours worked over 40 in a workweek, resulting in the underpayment of overtime to Plaintiff Gage.

34.   Defendant has not paid Plaintiff Gage the correct amount of overtime wages earned.

35.   Defendant violated §207 of the FLSA when it willfully failed to pay overtime to Plaintiff Gage at one and one-half times her regular rate of pay for all hours worked over 40 in a

workweek during the applicable statutory period.

36.   Defendant's failure to pay Plaintiff Gage all overtime earned at one and one-half times the correct regular rate of pay resulted from the following willful acts:

    a.   Defendant knowingly adopted a pay practice and policy to pay Plaintiff Gage at her regular rate of pay for a 40 hour workweek, regardless of the number of hours actually worked by Plaintiff Gage each week, resulting in the underpayment of overtime pay to Plaintiff Gage; and

    b.   Defendant knowingly misclassified Plaintiff Gage as exempt from the overtime provisions of the FLSA.

37.   As a result of Defendant's willful failure to pay Plaintiff Gage for all overtime hours she worked each week, Plaintiff Gage has incurred actual damages and is entitled to liquidated damages, and/or a penalty under Oregon Revised Statute 652.150, whichever is greater, and pre-judgment interest.

38.   By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff Gage has suffered damages and has also incurred costs and reasonable attorney fees.

### SECOND CLAIM FOR RELIEF
### PLAINTIFF KATHARINE HARRISON
### (FLSA Overtime Violation – 29 U.S.C. § 207)

39.   Plaintiff Harrison re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 25 above.

40.   At all times material, Defendant was required to pay Plaintiff Harrison in accordance with the overtime provisions of the FLSA.

41.   Plaintiff Harrison was misclassified as an "exempt" salaried employee when she should

have been classified as "non-exempt" from the provision of the FLSA relating to the payment of overtime.

42.  Plaintiff Harrison's primary duties were related to selling Defendant's products to small to mid-sized businesses over the telephone from Defendant's offices.

43.  At all times material, the duties performed by Plaintiff Harrison did not qualify for any of the exemptions for overtime pay as set forth in the FLSA and in 29 C.F.R. Part 541.

44.  Plaintiff Harrison brings this action under § 216(b) of the FLSA against Defendant for unpaid overtime compensation, liquidated damages, and any other available remedy.

45.  Plaintiff Harrison worked over 40 hours in one or more pay periods during the three-year period immediately preceding the filing of this action.

46.  Defendant willfully failed to pay Plaintiff Harrison at time and one-half her regular rate of pay for all hours worked over 40 in a workweek, resulting in the underpayment of overtime to Plaintiff Harrison.

47.  Defendant has not paid Plaintiff Harrison the correct amount of overtime wages earned.

48.  Defendant violated §207 of the FLSA when it willfully failed to pay overtime to Plaintiff Harrison at one and one-half times her regular rate of pay for all hours worked over 40 in a workweek during the applicable statutory period.

49.  Defendant's failure to pay Plaintiff Harrison all overtime earned at one and one-half times the correct regular rate of pay resulted from the following willful acts:

      a.  Defendant knowingly adopted a pay practice and policy to pay Plaintiff Harrison at her regular rate of pay for a 40 hour workweek, regardless of the number of hours actually worked by Plaintiff Harrison each week, resulting in the underpayment of overtime pay to Plaintiff Harrison; and

     b.   Defendant knowingly misclassified Plaintiff Harrison as exempt from the overtime provisions of the FLSA.

50.   As a result of Defendant's willful failure to pay Plaintiff Harrison for all overtime hours she worked each week, Plaintiff Harrison has incurred actual damages and is entitled to liquidated damages, and/or a penalty under Oregon Revised Statute 652.150, whichever is greater, and pre-judgment interest.

51.   By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff Harrison has suffered damages and has also incurred costs and reasonable attorney fees.

**THIRD CLAIM FOR RELIEF**
**PLAINTIFF SANDY F. ASH**
**(FLSA Overtime Violation – 29 U.S.C. § 207)**

52.   Plaintiff Ash re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 25 above.

53.   At all times material, Defendant was required to pay Plaintiff Ash in accordance with the overtime provisions of the FLSA.

54.   Plaintiff Ash was misclassified as an "exempt" salaried employee when she should have been classified as "non-exempt" from the provision of the FLSA relating to the payment of overtime.

55.   Plaintiff Ash's primary duties were related to selling Defendant's products to small to mid-sized businesses over the telephone from Defendant's offices.

56.   At all times material, the duties performed by Plaintiff Ash did not qualify for any of the exemptions for overtime pay as set forth in the FLSA and in 29 C.F.R. Part 541.

57.   Plaintiff Ash brings this action under § 216(b) of the FLSA against Defendant for unpaid

overtime compensation, liquidated damages, and any other available remedy.

58.    Plaintiff Ash worked over 40 hours in one or more pay periods during the three-year period immediately preceding the filing of this action.

59.    Defendant willfully failed to pay Plaintiff Ash at time and one-half regular rate of pay for all hours worked over 40 in a workweek, resulting in the underpayment of overtime to Plaintiff Ash.

60.    Defendant has not paid Plaintiff Ash the correct amount of overtime wages earned.

61.    Defendant violated §207 of the FLSA when it willfully failed to pay overtime to Plaintiff Ash at one and one-half times her regular rate of pay for all hours worked over 40 in a workweek during the applicable statutory period.

62.    Defendant's failure to pay Plaintiff Ash all overtime earned at one and one-half times the correct regular rate of pay resulted from the following willful acts:

  a.    Defendant knowingly adopted a pay practice and policy to pay Plaintiff Ash at her regular rate of pay for a 40 hour workweek, regardless of the number of hours actually worked by Plaintiff Ash each week, resulting in the underpayment of overtime pay to Plaintiff; and

  b.    Defendant knowingly misclassified Plaintiff Ash as exempt from the overtime provisions of the FLSA.

63.    As a result of Defendant's willful failure to pay Plaintiff Ash all overtime hours she worked each week, Plaintiff Ash has incurred actual damages and is entitled to liquidated damages, and/or a penalty under Oregon Revised Statute 652.150, whichever is greater, and pre-judgment interest.

64.    By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff Ash has

suffered damages and has also incurred costs and reasonable attorney fees.

## FOURTH CLAIM FOR RELIEF
## PLAINTIFF SHERYL A. BAIRD
### (FLSA Overtime Violation – 29 U.S.C. § 207)

65.   Plaintiff Baird re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 25 above.

66.   At all times material, Defendant was required to pay Plaintiff Baird in accordance with the overtime provisions of the FLSA.

67.   Plaintiff Baird was misclassified as an "exempt" salaried employee when she should have been classified as "non-exempt" from the provision of the FLSA relating to the payment of overtime.

68.   Plaintiff Baird's primary duties were related to selling Defendant's products to small to mid-sized businesses over the telephone from Defendant's offices.

69.   At all times material, the duties performed by Plaintiff Baird did not qualify for any of the exemptions for overtime pay as set forth in the FLSA and in 29 C.F.R. Part 541.

70.   Plaintiff Baird brings this action under § 216(b) of the FLSA against Defendant for unpaid overtime compensation, liquidated damages, and any other available remedy.

71.   Plaintiff Baird worked over 40 hours in one or more pay periods during the three-year period immediately preceding the filing of this action.

72.   Defendant willfully failed to pay Plaintiff Baird at time and one-half her regular rate of pay for all hours worked over 40 in a workweek, resulting in the underpayment of overtime to the Plaintiff.

73.   Defendant has not paid Plaintiff Baird the correct amount of overtime wages earned.

74.   Defendant violated §207 of the FLSA when it willfully failed to pay overtime to Plaintiff

Baird at one and one-half times her regular rate of pay for all hours worked over 40 in a workweek during the applicable statutory period.

75.   Defendant's failure to pay Plaintiff Baird all overtime earned at one and one-half times the correct regular rate of pay resulted from the following willful acts:

      a.   Defendant knowingly adopted a pay practice and policy to pay Plaintiff Baird at her regular rate of pay for a 40 hour workweek, regardless of the number of hours actually worked by Plaintiff Baird each week resulting in the underpayment of overtime pay to Plaintiff; and

      b.   Defendant knowingly misclassified Plaintiff Baird as exempt from the overtime provisions of the FLSA.

76.   As a result of Defendant's willful failure to pay Plaintiff Baird all overtime hours she worked each week, Plaintiff Baird has incurred actual damages and is entitled to liquidated damages, and/or a penalty under ORS 652.150, whichever is greater, and pre-judgment interest.

77.   By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff Baird has suffered damages and has also incurred costs and reasonable attorney fees.


//

//

//

//

//

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask the Court to grant them the following relief:

78.  Award Plaintiff Gage her actual damages under the FLSA for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to 29 U.S.C. § 207, or alternatively, a penalty under ORS 652.150, whichever is greater;

79.  Award Plaintiff Harrison her actual damages under the FLSA for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to 29 U.S.C. § 207, or alternatively, a penalty under ORS 652.150, whichever is greater;

80.  Award Plaintiff Ash her actual damages under the FLSA for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to 29 U.S.C. § 207, or alternatively, a penalty under ORS 652.150, whichever is greater;

81.  Award Plaintiff Baird her actual damages under the FLSA for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to 29 U.S.C. § 207, or alternatively, a penalty under ORS 652.150, whichever is greater;

82.  Award Plaintiffs their reasonable attorney fees and costs;

83.  Award Plaintiffs pre-judgment and post-judgment interest; and

84.  Award Plaintiffs any and all such other legal and equitable relief as this Court deems just and proper.

DATED: March 5, 2015.

Respectfully submitted,

_/s/  Alan J. Leiman_____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  980746
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Attorney for Plaintiffs


__/s/  Drew G. Johnson_____
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.:  114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Attorney for Plaintiffs